**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA,
ATLANTA DIVISION**

| | |
|---|---|
| PATRICK PLUMLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>PRGX GLOBAL, INC., RONALD E. STEWART, KEVIN F. COSTELLO, MATTHEW A. DRAPKIN, WILLIAM F. KIMBLE, MYLLE H. MANGUM, GREGORY J. OWENS, and JOSEPH E. WHITTERS,<br><br>    Defendants. | Civil Action No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Patrick Plumley ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is an action brought by Plaintiff against PRGX Global, Inc. ("PRGX" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of

the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a) and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which PRGX will be acquired by Ardian North America Fund II, L.P. ("Ardian") through its affiliates Pluto Acquisitionco Inc. ("Parent"), and Pluto Merger Sub Inc. ("Merger Sub") (the "Proposed Transaction").

2. On December 24, 2020, PRGX and Ardian issued a joint press release announcing they had entered into an Agreement and Plan of Merger dated December 24, 2020 (the "Merger Agreement") to sell PRGX to Ardian. Under the terms of the Merger Agreement, each PRGX stockholder will receive $7.71 in cash for each share of PRGX common stock that they own (the "Merger Consideration"). The Proposed Transaction is valued at approximately $195 million.

3. On January 29, 2021, PRGX filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that PRGX stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the data and inputs underlying the valuation analyses performed by the Company's financial advisor, Truist Securities, Inc. ("Truist"); (ii) the background of the Proposed Transaction; and (iii) potential conflicts of interest faced by Truist and

Company insiders. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. In short, unless remedied, PRGX's public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting or appraisal decision on the Proposed Transaction. Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under Section 27 of the Exchange Act,

15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District. Defendant PRGX is headquartered in this District, rendering venue in this district appropriate.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of PRGX.

9. Defendant PRGX is a Georgia corporation, with its principal executive offices located at 600 Galleria Parkway, Suite 100, Atlanta, Georgia 30339. The Company helps companies identify value in their source-to-pay processes where other sophisticated solutions have failed. PRGX's common stock trades on the Nasdaq Global Select Market under the ticker symbol "PRGX."

10. Defendant Ronald E. Stewart ("Stewart") has been the Company's President and Chief Executive Officer ("CEO") since December 2013 and a director of the Company since November 2012.

11. Defendant Kevin F. Costello ("Costello") has been a director of the Company since March 2017.

12. Defendant Matthew A. Drapkin ("Drapkin") has been a director of the Company since November 2016.

13. Defendant William F. Kimble ("Kimble") has been a director of the Company since April 2015.

14. Defendant Mylle H. Mangum ("Mangum") has been a director of the Company since January 2013.

15. Defendant Gregory J. Owens ("Owens") is Executive Chairman of the Board has been a director of the Company since March 2015.

16. Defendant Joseph E. Whitters ("Whitters") is Lead Director of the Board and has been a director of the Company since January 2013.

17. Defendants identified in paragraphs 10-16 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

18. Ardian is a private investment house with assets of $103 billion managed or advised in Europe, the Americas and Asia. It offers a range of funds including funds of funds, direct funds, infrastructure, real estate and private debt. Headquartered in Paris, France, Ardian maintains offices across Europe, the Americas, and Asia.

19. Parent is a Delaware corporation and an affiliate of Ardian.

20. Merger Sub is a Georgia corporation and a wholly owned subsidiary of Parent.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

21.     PRGX is a global leader in recovery audit and spend analytics, services designed to improve clients' source-to-pay ("S2P") business processes. The Company serves clients in more than 30 countries. At the heart of its services portfolio is the core capability of mining client data to deliver "actionable insights." Actionable insights allow clients to improve their financial performance by reducing costs, improving business processes and managing risks.

22.     The vast majority of the Company's revenue comes from recovery audit, a business service based on the mining of tremendous amounts of clients' purchasing-related data, looking for billing errors and overpayments made to their third-party suppliers. PRGX is one of the world's leading providers of recovery audit services principally to large businesses with high volumes of transactions and complex pricing arrangements with suppliers. The Company provides services to 75% of top global retailers and a third of the largest companies in the Fortune 500. PRGX earns the largest portion of its revenue from retail clients.

23.     On October 27, 2020, the Company announced its third quarter 2020 financial results. For the quarter, the Company increased net income from continuing operations to $3.0 million compared to a net loss of $1.5 million in the

same period in 2019. Adjusted EBITDA from continuing operations was $9.3 million, the highest third quarter Adjusted EBITDA in seven years for the Company, and a 67.2% increase compared to the third quarter of 2019. Commenting on the financial results, defendant Stewart stated:

> As we have done consistently throughout 2020, we again delivered on our promises of fiscal discipline, improved productivity and expanded operating leverage during the third quarter. As a result, we're pleased to be announcing the highest third quarter Adjusted EBITDA in seven years and the highest third quarter Adjusted EBITDA margin percentage in over ten years. During the quarter, we also made solid progress executing strategic initiatives that we believe will usher in the next generation of PRGX.
>
> With over 75 percent of our revenue coming from clients providing essential goods and services, our resilient client base has supported these strong financial results. As a result of our year-to-date financial performance and our outlook for the rest of the year, we are increasing our 2020 Adjusted EBITDA guidance for the second time this year to approximately $32 million.

**The Proposed Transaction**

24. On December 24, 2020, PRGX and Ardian issued a joint press release announcing the Proposed Transaction, which states, in relevant part:

> ATLANTA and NEW YORK, Dec. 24, 2020 -- PRGX Global, Inc. (Nasdaq: PRGX), a global leader in recovery audit and spend analytics services, and Ardian, a world-leading private investment house, today announced that they have entered into a definitive agreement for Ardian to acquire PRGX. The transaction is led by Ardian's North America Direct Buyouts team.
>
> Under the terms of the agreement, Ardian will pay PRGX shareholders

$7.71 per share in cash for each share of PRGX's common stock they hold, which represents a 32.7% premium to the PRGX volume-weighted average price for the 90 trading days preceding the public announcement of the transaction with Ardian. The all-cash transaction, subject to completion, is valued at approximately $195 million. The members of the PRGX Board of Directors are unanimously in favor of the transaction, which was approved at a special meeting of the Board. Upon closing, PRGX will operate as a privately held company.

As a private entity, PRGX expects to expedite the rollout of the PRGX Verigon™ Solution Suite, continue investing in improved audit and analytics processes, and increasingly focus on mid- to long-term business strategy – investments designed to accelerate delivery of PRGX's mission to reach wider, dig deeper and act faster to help clients get more value out of their source-to-pay data.

"The Ardian transaction delivers significant value for PRGX's shareholders and marks the beginning of the next chapter of our journey with our clients," said PRGX President and CEO, Ron Stewart. "We look forward to partnering with the Ardian team to accelerate the launch and delivery of our vision of source-to-pay as fully technology-enabled, accelerating speed to value for clients globally."

"PRGX is a global leader in its field, pioneering the recovery audit industry more than 50 years ago and consistently driving innovation over the past five decades," said Vince Fandozzi, Head of Ardian North America Direct Buyouts.

"We are truly impressed with PRGX Executive Management and the entire team of employees and look forward to partnering with the Company to grow its global presence and usher it into its next phase of growth," added Todd Welsch, Managing Director, Ardian North American Buyouts.

Greg Owens, Executive Chairman of the Board, said, "The Board of Directors explored numerous strategic alternatives and carefully considered the best way to position PRGX for long-term success. We are confident that the transaction with Ardian is the best path to strengthen and position PRGX in the marketplace and deliver the

highest value to the Company's shareholders."

PRGX is the world's largest Accounts Payable and Merchandise Recovery Audit firm, serving clients in more than 30 countries in North and South America, Europe, Asia and Oceania. PRGX provides technology-enabled source-to-pay solutions to clients across industries including retail, grocery, consumer packaged goods, manufacturing, pharmaceuticals, and oil and gas, among others.

**Transaction Details**

Pursuant to the terms of the agreement, Ardian will acquire all of the outstanding shares of PRGX's common stock, in an all-cash transaction, for $7.71 per share.  Closing of the transaction is conditioned upon, among other things, receipt of shareholder approval, clearance under the Hart-Scott-Rodino (HSR) Antitrust Improvements Act of 1976, as amended, and other customary closing conditions.  The closing of the transaction is not conditioned on financing. PRGX expects the transaction to close during the first quarter of 2021.

Each of PRGX's directors and executive officers and Northern Right Capital Management, L.P., a shareholder of PRGX, have agreed to vote their shares in favor of the definitive merger agreement and the merger, subject to certain terms and conditions.  These shareholders collectively own approximately 14% of PRGX's outstanding shares as of the date of the merger agreement.  The support agreements will terminate upon termination of the merger agreement in accordance with its terms in order for PRGX to accept a superior offer and upon certain other circumstances.

**Insiders' Interests in the Proposed Transaction**

25. PRGX insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public

stockholders of PRGX.

26. Notably, Company insiders stand to reap substantial financial benefits for securing the deal with Ardian. Pursuant to the Merger Agreement, all outstanding Company options, restricted stock, restricted stock units ("RSUs"), performance based restricted stock units ("PBUs"), and shares of Company common stock distributable under the PRGX Directors Plan ("Deferred Compensation Stock Units") will convert into the right to receive cash payments. The following table sets forth the cash payments the Company's named executive officers stand to receive in connection with their outstanding equity awards:

| Name | Options (#) | RSUs (#) | SARs (#) | PBUs (#) | Deferred Compensation Stock Units (#) | Unvested Restricted Stock (#) | Amount ($) |
|---|---|---|---|---|---|---|---|
| Gregory J. Owens, Executive Chairman(1) | 95,031 | — | — | — | — | 8,738 | $ 333,193 |
| Ronald E. Stewart, President, Chief Executive Officer and Director(2) | 500,000 | — | — | 105,000 | — | 30,000 | $1,220,850 |
| Matthew A. Drapkin, Director(3) | 69,053 | 30,769 | — | — | 28,599 | — | $ 637,536 |
| William F. Kimble, Director(4) | 93,606 | 30,769 | — | — | 28,599 | — | $ 719,958 |
| Mylle H. Mangum, Director(5) | 83,636 | 30,769 | — | — | 44,625 | — | $ 805,633 |
| Kevin S. Costello, Director(6) | 57,386 | — | — | — | — | 30,769 | $ 319,649 |
| Joseph E. Whitters, Lead Director(7) | 83,636 | 30,769 | — | — | 55,157 | — | $ 886,834 |
| Kurt Abkemeier, Executive Vice President, Chief Financial Officer and Treasurer(8) | 100,000 | — | — | 213,500 | — | 87,335 | $2,319,438 |
| Victor A. Allums, Senior Vice President, General Counsel and Secretary | — | — | — | 34,500 | — | 24,613 | $ 455,761 |

27. Moreover, if they are terminated in connection with the Proposed Transaction, PRGX's named executive officers stand to receive substantial cash severance payments in the form of golden parachute compensation as set forth in the following table:

| Name | Cash ($)(1) | Equity ($)(2) | Perquisites/ Benefits ($)(3) | Total ($)(4)(5) |
|---|---|---|---|---|
| Gregory J. Owens, Executive Chairman | — | 400,563 | — | 400,563 |
| Ronald E. Stewart, President, Chief Executive Officer and Director | 1,622,381 | 1,336,500 | 20,000 | 2,978,881 |
| Kurt Abkemeier, Executive Vice President, Chief Financial Officer and Treasurer | 678,743 | 2,383,685 | 39,477 | 3,101,905 |

**The Proxy Statement Contains Material Misstatements or Omissions**

28. Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to PRGX's stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction or seek appraisal.

29. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Truist; (ii) the background of the Proposed Transaction; and (iii) potential conflicts of interest faced by the Company's financial advisor and Company insiders.

*Material Omissions Concerning Truist's Financial Analyses*

30. The Proxy Statement omits material information concerning Truist's financial analyses.

31. The Proxy Statement describes Truist's fairness opinion and the various

valuation analyses performed in support of its opinion. However, the description of Truist's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, PRGX's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Truist's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

32.   With respect to Truist's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) a quantification of the inputs and assumptions underlying the discount rates ranging from 13.0% to 14.0%; and (ii) a quantification of PRGX's terminal value.

33.   When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

34.   The omission of this information renders the statements in the "Opinion of the Company's Financial Advisor" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Background of the Proposed Transaction***

35.   The Proxy Statement fails to disclose material information concerning

the background of the Proposed Transaction.

36.    For example, the Proxy Statement fails to disclose the terms of the nondisclosure agreements the Company entered into with potential bidders. Specifically, the Proxy Statement fails to disclose whether any of the non-disclosures agreements the Company entered into with potential bidders during the sale process, including, but not limited to (i) "Sponsor A" and a financial sponsor in April 2020; (ii) a financial sponsor in May 2020; (iii) "Strategic A" on July 10, 2020; and (iv) the 85 parties that executed non-disclosure agreements following the July 30, 2020 outreach by Truist, included standstill provisions or "don't-ask, don't-waive" ("DADW") standstill provisions that are still in effect and presently precluding any potential counterparty from submitting a topping bid for PRGX.

37.    The failure to disclose the existence of DADW provisions creates the false impression that a potential bidder who entered into a nondisclosure agreement could make a superior proposal for PRGX. If the potential acquirer's nondisclosure agreement contains a DADW provision, then that potential bidder can only make a superior proposal by (i) breaching the nondisclosure agreement—since in order to make the superior proposal, it would have to ask for a waiver, either directly or indirectly; or by (ii) being released from the agreement, which if action has been done, is omitted from the Proxy Statement.

38. Any reasonable PRGX stockholder would deem the fact that a likely topping bidder may be precluded from making a topping bid for the Company to significantly alter the total mix of information.

39. The omission of this material information renders the statements in the "Background of the Merger" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

### *Material Omissions Concerning the Company's Financial Advisor's and Company Insiders' Potential Conflicts of Interest*

40. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by the Company's financial advisor, Truist.

41. The Proxy Statement fails to disclose the details of any past services Truist has performed for any parties to the Merger Agreement or their affiliates, including the timing and nature of such services as well as the amount of compensation received by Truist for providing such services.

42. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

43. The Proxy Statement also fails to disclose material information concerning the potential conflicts of interest faced by the Company's insiders.

44. The Proxy Statement fails to disclose the details of any retention-related

discussions and negotiations that occurred between Ardian and PRGX executive officers or directors, including who participated in all such communications, when they occurred and their content. The Proxy Statement further fails to disclose whether any of Ardian's proposals or indications of interest mentioned management or director retention or participation in the combined company.

45. Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for PRGX stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

46. The omission of this material information renders the statements in "Opinion of the Company's Financial Advisor," "Background of the Merger," and "Interests of Certain Persons in the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

47. The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and

the other stockholders of PRGX will be unable to make a sufficiently informed decision whether to vote in favor of the Proposed Transaction or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

48.     Plaintiff repeats all previous allegations as if set forth in full.

49.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

50.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about the data and inputs underlying the valuation analyses performed by the Company's financial advisor, Truist, the background of the Proposed

Transaction, and Truist's and Company insiders' potential conflicts of interest  The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

51. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

52. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

53. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

54. Plaintiff repeats all previous allegations as if set forth in full.

55. The Individual Defendants acted as controlling persons of PRGX within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of PRGX, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false

statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

56. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

58. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the

various issues and information that they reviewed and considered—descriptions the Company directors had input into.

59. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

60. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, PRGX's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of PRGX, and against defendants, as follows:

    A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to PRGX stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 8, 2021   **WEISSLAW LLP**

/s/ *Michael A. Rogovin*
Michael A. Rogovin
Georgia Bar No. 780075
476 Hardendorf Ave. NE
Atlanta, GA 30307
Tel.: (404) 692-7910
Fax: (212) 682-3010
mrogovin@weisslawllp.com

*Attorneys for Plaintiff*